IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLOYD JAMES HOLMES JR.,<br><br>    Defendant. | Case No. 3:12-CR-30085-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Cloyd Holmes Jr. pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 102). Holmes is serving a 180-month sentence in the Bureau of Prisons ("BOP") for conspiracy to commit mail and wire fraud in connection with his fraudulent timeshare resale telemarketing scam (Doc. 42).

### THE FIRST STEP ACT OF 2018

Under the First Step Act of 2018, incarcerated defendants may seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The parties do not dispute that Holmes exhausted his administrative remedies before filing his motion for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after

considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

A number of courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch-all" provision of Subsection D is still limited only to the BOP Director's determination of whether other extraordinary and compelling circumstances exist or whether a court may make that determination. Joining the majority of district courts and the Second Circuit, the Seventh Circuit Court of Appeals recently held that district courts may determine whether other "extraordinary and compelling circumstances" warrant relief. *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2

(7th Cir. Nov. 20, 2020); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). "In short, federal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020).

## DISCUSSION

Holmes, who is now 59 years old, asks the Court to grant his request for compassionate release because his age, race, obesity, asplenia, lung damage and PTSD, place him at a high risk of severe complications if he were to contract the COVID-19 virus. For a medical condition to constitute an extraordinary and compelling reason, the defendant must be suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. 1B1.13(a)(2).

Judges reach different results when evaluating a motion for compassionate release involving a defendant with asplenia. *See United States v. Jones*, 2020 WL 3871084, at *2 (W.D. Pa. July 8, 2020) (finding that defendant's asplenia and other aliments "are not serious enough in nature to warrant release"); *United States v. Ferrell*, 2020 WL 3871210, at *6 (S.D. Ind. July 8, 2020) (denying motion for compassionate release though defendant

had asplenia and a collapsed lung because "[defendant's] release presents a danger to the safety to others and the community"); *United States v. Holroyd*, 464 F. Supp. 3d 14, 19 (D.D.C.), *aff'd*, 825 F. App'x 1 (D.C. Cir. 2020) (defendant not having a spleen "[did] not present 'extraordinary and compelling reasons' for reducing his sentence to time served"); *United States v. Wiseman*, 461 F. Supp. 3d 740, 744 (M.D. Tenn. 2020) (same); *but see United States v. Arroyo*, 468 F. Supp. 3d 785, 790 (W.D. Tex. 2020) (granting motion for compassionate release because defendant's lack of spleen makes him more susceptible to COVID-19 and finding that defendant "has provided extraordinary and compelling reasons sufficient to be considered for early release").

This Court also recognizes that judges reach different results when evaluating a motion for compassionate release during the COVID-19 pandemic that involves a defendant with lung damage. *See United States v. Frazier*, 2020 WL 6747979, at *6 (E.D. Pa. Nov. 17, 2020) (denying motion for compassionate release though defendant had asplenia, a portion of his lung removed, and epilepsy because defendant failed establish extraordinary and compelling reasons based on his fear of contracting COVID-19 and defendant still posed a risk of danger to the community); *United States v. Newlin*, 2020 WL 5046952, at *4 (N.D. Ind. Aug. 26, 2020) (denying motion for compassionate release though defendant had a portion of his lung removed and suffered from heart disease, high blood pressure, and subcutaneous emphysema because the judge "just [didn't] think that, balanced against how the situation at FCI Elkton has improved, they rise to the level of extraordinary or sufficiently compelling"); *but see United States v. Mueller*, 471 F. Supp. 3d 625 (E.D. Pa. 2020) (granting motion for compassionate release to a 64-year old

defendant, who had 90% of his left lung removed, had hypertension, and served 12 years of his sentence because extraordinary and compelling reasons existed and defendant was not a danger to others or the community).

The Court acknowledges the seriousness of Holmes's asplenia, lung damage and other medical conditions, but they do not warrant compassionate release. Notably, Holmes already had been suffering with many of these medical conditions when he committed the crimes that led to his imprisonment (Doc. 58, pp. 19-20). Neither condition prohibited him from managing a fraud scheme or assaulting his subordinates. Holmes also has not submitted medical records showing how his condition has changed over time.

The Court also finds that a change in the law, alone or combined with Holmes's other circumstances, does not constitute extraordinary and compelling reasons for release under U.S.S.G. 1B1.13(D). Before the 2015 amendments to USSG 2B1.1, there was a six-level enhancement for more than 250 victims. After the 2015 amendments, there is only a two-level enhancement for more than 250 victims. But the 2015 amendments—specifically Amendment 791—were not designated for retroactive application. *See* U.S.S.G. § 1B1.10(d).

As noted by other district courts in this Circuit, courts outside of the Seventh Circuit "are split on the issue of whether changes in the law that would result in a substantially lowered sentencing guideline range or a substantially lower mandatory minimum is an extraordinary and compelling justification for compassionate release." *United States v. Thacker*, 2020 WL 5960685, at *4 (C.D. Ill. Oct. 8, 2020). While some courts

have found the substantially lower guideline range to be an extraordinary and compelling reason to reduce defendants' sentences under the compassionate relief statute, others "agree that if Congress wished to empower the courts to reduce sentences on that basis, it needed to do so explicitly." *See id*; *United States v. Neubert*, 2020 WL 1285624, at *3 (S.D. Ind. Mar. 17, 2020) ("[A] reduction under § 3582(c)(1)(A) is not warranted because the disparity between Mr. Neubert's actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.' Instead, it is what the plain language of § 403 [of the First Step Act] requires.").

The Court agrees with the *Thacker* and *Neubert* courts in finding that the reduction in the guideline range does not, on its own, constitute an extraordinary and compelling circumstance, particularly considering that Congress did not intend for the change to be retroactive. Moreover, Holmes has presented no health issues or other circumstances that, when combined with the disparity between the sentence Holmes received and the sentence he would receive today, would demonstrate extraordinary and compelling circumstances warranting release.

Even if this Court were convinced that the circumstances presented by Holmes are extraordinary and compelling, the Section 3553(a) factors, the nature and circumstances of the offense and the history and characteristics of the defendant weigh in favor of denying Holmes's motion. *See* 18 U.S.C. § 3553(a)(1). Holmes owned and operated his own shops, where he scammed thousands of people out of well over $1 million. Also, Holmes's bond was revoked in this case based on his cocaine use (Doc. 57). And this is

not the first crime Holmes committed. His prior convictions include possession of a controlled substance, attempted burglary, possession of stolen property, petty theft, DUI, and felon in possession of a firearm (Doc. 58, pp. 15-18).

Additionally, to allow Holmes to be released after approximately seven-and-half years of his 15-year sentence would fail to provide just punishment for his offenses. *See* 18 U.S.C. § 3553(a)(2)(A).[1] The Court is concerned that such a short sentence would fail to deter Holmes from further criminal conduct and, thus, would place the community at risk of additional crimes. *See* 18 U.S.C. § 3553(a)(2)(B)-(C).

For these reasons, the Motion for Compassionate Release filed by Defendant Cloyd Holmes (Doc. 102) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 18, 2020

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Holmes is projected to be released on July 11, 2026. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 17, 2020).