IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CLOYD JAMES HOLMES, JR.,**<br><br>**Defendant.** | **Case No. 3:12-CR-30085-NJR** |

# ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Cloyd Holmes's *pro se* Motion for Termination of Supervised Release. (Doc. 108). The Government filed a response opposing the motion on October 21, 2026. (Doc. 112). For the reasons set out below, the Court denies Holmes's motion.

## BACKGROUND

Holmes was sentenced to 180 months of imprisonment, followed by five years of supervised release, for conspiring to commit mail and wire fraud through a timeshare-resale telemarketing scheme. (Doc. 42). On October 26, 2020, Holmes moved for compassionate release, citing his concerns that his various health conditions would place him at increased risk of complications if he contracted COVID-19. (Doc. 102, p. 3). The Court denied his request. It explained that:

> [T]he Section 3553(a) factors, the nature and circumstances of the offense and the history and characteristics of the defendant weigh in favor of denying Holmes's motion. *See* 18 U.S.C. § 3553(a)(1). Holmes owned and operated his own shops, where he scammed thousands of people out of

> well over $1 million. Also, Holmes's bond was revoked in this case based on his cocaine use (Doc. 57). And this is not the first crime Holmes committed. His prior convictions include possession of a controlled substance, attempted burglary, possession of stolen property, petty theft, DUI, and felon in possession of a firearm (Doc. 58, pp. 15-18).

(Doc. 107, pp. 6-7).

On July 11, 2025, Holmes began his term of supervised release. (Doc. 112, p. 1). As of the filing of this motion, he has served a little over a year of that term. Holmes now seeks early termination of his supervised release, explaining that he has complied with the conditions of his release and demonstrated "personal and spiritual growth" by founding a nonprofit organization that assists formerly incarcerated individuals and leading weekly Bible studies at halfway houses. (Doc. 108, p. 1). He concludes that "[c]ontinued supervision is no longer necessary to serve the interests of justice or public safety, as Holmes, [sic] has clearly demonstrated his ability to reintegrate successfully into the community." (*Id*. at 2).

The United States Probation Office ("USPO") does not support Holmes's motion. Although the USPO reports that Holmes has complied with his release conditions and has otherwise been cooperative, the fact that he has only completed 15 months of his 60-month term—not even half his term—"give[s the USPO] reservations about completely supporting the motion." (Doc. 112, p. 2).

The Government similarly opposes Holmes's motion. It notes that Holmes has not been on supervised release long enough for USPO to determine whether he is successfully reintegrating; that he has multiple convictions in his thirties and forties, indicating that his age is not a deterrent to criminal behavior; that he has a pattern of

recidivating; and that he was the only defendant in this case who resorted to violence in furtherance of the scheme. (*Id*. at pp. 2-4).

## LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), "the court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

## DISCUSSION

As the Court noted when it denied Holmes's motion for compassionate release, Holmes's history of recidivism and noncompliance—including the revocation of his bond in this case—is concerning. (Doc. 107, p. 6). The Government lays out this history in detail:

> Mr. Holmes had his parole revoked in his attempted burglary conviction, a petition to revoke probation was filed in his worthless check case and he admitted to the violations, his probation was revoked in his first degree petit theft case, and his probation was revoked in his DUI case. In addition, his bond was revoked in the instant offense because of his cocaine use. R. 48, 56.

(Doc. 112, p. 3).

The Court recognizes that Holmes has been working hard to reintegrate into society as a productive member and to comply with the conditions of his supervised release. However, "the history and characteristics of the defendant" weigh in favor of continuing Holmes's supervised release to give the USPO "time and opportunity to know

whether or not he is successfully reintegrating into society" and to "decrease his likelihood [of] recidivat[ing]." 18 U.S.C. § 3553(a)(1); (Doc. 112, p. 2).

## CONCLUSION

For the reasons set forth above, Defendant Cloyd Holmes's Motion for Termination of Supervised Release (Doc. 108) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 22, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**